**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** } } } | |
| Plaintiff, } } | **CIVIL ACTION NO.** 2:23-CV-00092 |
| v. } } | **COMPLAINT** |
| **PETE'S CAR SMART, INC.** } } | |
| Defendant. } } | **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"); the Age Discrimination in Employment Act of 1967 ("ADEA"); and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and age, respectively, and to provide appropriate relief to Linda Hudson who was adversely affected by such practices. As alleged with greater particularity in paragraphs 14-24 below, Defendant discriminated against Ms. Hudson when it terminated her by discharge or constructive discharge because of her actual disability, arteriosclerotic cardiovascular disease, and/or perceived disability, in violation of the ADA and because of her age (68) at the time, in violation of the ADEA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3); Section 7(b) of the

ADEA, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 216(c) and 217; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and the ADEA. EEOC is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1); and Section 7(b) of the ADEA, 29 U.S.C. § 626(b) as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. Defendant Pete's Car Smart, Inc., a Texas corporation headquartered in Amarillo, Texas, is a vehicle dealership engaged in the sale and service of various brands of cars.

5. At all relevant times, Defendant has continuously been doing business in the State of Texas and maintained at least 20 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7); and under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. On May 4, 2021, more than thirty days prior to the institution of this lawsuit, Hudson filed a charge of discrimination with EEOC, alleging violations of the ADA and ADEA by Defendant.

9. On February 3, 2023, EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe the ADA and ADEA were violated. In this same letter, EEOC invited Defendant to join in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission's representatives attempted to eliminate and remedy the unlawful discriminatory employment practices based on the Letter of Determination and as set forth below, to effect voluntary compliance with the ADA and the ADEA through informal methods of conciliation, conference and persuasion.

11. EEOC was unable to secure from Defendant a conciliation agreement acceptable to EEOC.

12. On March 3, 2023, EEOC issued to Defendant a Notice of Failure of Conciliation, advising Defendant that EEOC was unable to secure an acceptable conciliation agreement.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Beginning in at least March 2021, Defendant has engaged in unlawful employment practices, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b), (d), and in violation of Section 4 of the ADEA, 29 USC § 623(a), when Defendant terminated Hudson by

discharge or constructive discharge because of her actual and/or perceived disability and because of her age.

15. Hudson is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). At all relevant times, Hudson has had an impairment, arteriosclerotic cardiovascular disease, which substantially limits her in the operation of her circulatory system, a major bodily function. Defendant was aware that Hudson was a person with a disability and/or Defendant regarded her as disabled.

16. At all relevant times, Hudson was qualified to perform the essential functions of her job as Chief Financial Officer/Controller/Office Manager for Defendant with or without a reasonable accommodation.

17. As Chief Financial Officer/Controller/Office Manager, Hudson's responsibilities involved varying degrees of business activities that would typically include, but were not limited to reconciling accounts, creating financial statements, managing expense and revenue reports, conducting internal audits, processing payroll, overseeing compliance, engaging in human resources activities, managing Defendant's budget, and other administrative duties.

18. In March 2021, Hudson was 68 years old.

19. Hudson worked successfully for Defendant for nearly 18 years.

20. Hudson underwent heart surgery on February 15, 2021. The day following the surgery, Defendant's Owner and President Bill "Pete" Vaughn called Charging Party's daughter and told her that Charging Party needed to retire.

21. Hudson requested six weeks of medical leave from Vaughn for the surgery and associated recovery. Vaughn approved Hudson's leave request for a scheduled return to work on March 28, 2021, without any restrictions or accommodations.

22. Leading up to the time of her surgery, Vaughn made discriminatory remarks about Hudson's age including comments about the color of her hair and that she had "old-timer's disease." Vaughn also made discriminatory remarks about Hudson's disability including comments about the pace at which she walked or stood up from her chair.

23. On March 22, 2021 — six days before her medical leave was scheduled to end — Vaughn told Hudson she needed to retire, or she would be terminated. Vaughn informed her that he did not think she could do her job any longer given her age and heart condition. Although Hudson told Vaughn she was not ready to retire, Vaughn responded by telling her that she should not return to work. Hudson understood that she had been terminated from the position. Given an ultimatum that she should retire or be fired, Hudson was discharged or constructively discharged and did not return to work for the Defendant.

24. Defendant replaced Hudson with a younger employee below the age of 40 who is not known to have a disability.

25. Defendant's decision to terminate Hudson was based on her disability or because she was regarded as disabled in violation of the ADA, and because of her age in violation of the ADEA.

26. The unlawful employment practices complained of in paragraphs 14-24 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

27. The unlawful employment practices complained of in paragraph 14-24 above were intentional.

28. The unlawful employment practices complained of in paragraph 14-24 above were done with malice or with reckless indifference to Hudson's federally protected rights.

29.

**PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in conduct which results in discrimination because of disability and age.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and individuals forty years of age and older that eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Hudson, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest and/or liquidated damages in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D.      Order Defendant to make Hudson whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14-24 above, including but not limited to job search and medical expenses in an amount to be determined at trial.

E.      Order Defendant to make Hudson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14-24 above, including but not limited to emotional pain, suffering, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

  F. Order Defendant to pay Hudson punitive damages for its malicious or reckless conduct described above in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

/s/ Robert A. Canino
ROBERT A CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Assistant Regional Attorney
Texas State Bar No. 14009470

/s/ Brooke E. López
BROOKE E. LÓPEZ
Trial Attorney
Texas State Bar No. 24125141

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3597
(FAX) (214) 253-2749