IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>PETE'S CAR SMART, INC.<br><br>Defendant. | 2:23-CV-92-Z-BR |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Plaintiff United States Equal Employment Opportunity Commission ("EEOC") and Defendant Pete's Car Smart, Inc. ("Defendant"). This Consent Decree resolves the EEOC's claims in the above-referenced Civil Action No. 2:23-CV-092-Z-BR. EEOC initiated this action pursuant to Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"); the Age Discrimination in Employment Act of 1967 ("ADEA"); and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and age, respectively, and to provide appropriate relief to Linda Hudson who was adversely affected by such practices as alleged by the EEOC. EEOC's complaint alleged that Defendant discriminated against Ms. Hudson by terminating her employment because of her disability and age, in violation of the ADA and ADEA.

Defendant denies that it engaged in any discriminatory acts towards Ms. Hudson based on her age, disability, or any other basis during her employment or at any time thereafter. By entering this Consent Decree, Defendant does not admit liability for the claims alleged in the EEOC's

compliant and nothing herein is deemed to constitute an admission of wrongdoing by Defendant. Further, this Consent Decree shall not be admissible in any proceeding as evidence of any improper action by or on behalf of Defendant except any such proceeding where the terms of this Consent Decree are violated.

EEOC and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

EEOC and Defendant agree to compromise and settle the disputed claims and the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA and ADEA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in the paragraphs.

The Court therefore **ORDERS** and **APPROVES** as follows:

1. This Consent Decree resolves all issues raised in EEOC's Complaint and Ms. Hudson's EEOC Charge of Discrimination No. 450-2021-03820. EEOC waives further litigation of all issues raised in its Complaint and releases Defendant, its managers, officers, agents, successors, and other persons in active concert of participation with Defendant, including but not limited to insurers and reinsurers. EEOC expressly reserves its right to litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

2. For the duration of this Agreement, Defendant, its managers, officers, agents, successors, and other persons in active concert or participation with Defendant, or any other person or entity acting on behalf of Defendant are enjoined from:

 a. Engaging in any employment practice that discriminates on the basis of disability in violation of the ADA;

 b. Engaging in any employment practice that discriminates on the basis of age in violation of the ADEA; and

 c. Retaliating against any person because of opposition to any practice made unlawful pursuant to the ADA and/or ADEA; requests a reasonable accommodation pursuant to the ADA; or who participates in any way in the filing, investigation, litigation, or resolution of any complaint of discrimination.

I. MONETARY RELIEF

3. Defendant shall pay Linda Hudson the sum of $145,000 in settlement of the claims raised in this case. This amount includes $72,500 in backpay and lost benefits from which the Defendant will make the usual deductions and issue a W2 for this amount. The remaining $72,500 is for non-wage damages, from which no deductions will be made. Defendant will issue a 1099 for this remainder amount. Defendant shall make payment by issuing checks payable to Ms. Hudson within fifteen days of the entry of this Consent Decree. Defendant shall mail the check to Ms. Hudson at an address provided by EEOC. Within ten (10) days after the check has been sent, Defendant shall send to the undersigned counsel via email an electronic copy of the check and proof of its delivery to Ms. Hudson.

## II. NON-MONETARY RELIEF

4. Within forty-five (45) days of the entry of this Consent Decree by the Court, Defendant shall create and distribute a protocol for effectively identifying and considering employees' requests for reasonable accommodations for disabilities. The protocol shall provide clear instructions for taking and documenting the following steps: (a) determining whether the request is a request for an accommodation related to a disability; (b) determining the parameters of the request for accommodation; (c) determining what information is necessary to evaluating the request for accommodation; (d) determining the appropriate method of gathering all information necessary to evaluating the request for accommodation; (e) recording all information gathered in order to evaluate the request for accommodation; (f) recording all individuals involved in evaluating the request for accommodation and the nature of their involvement; (g) recording and preserving all substantive communications regarding the request for accommodation; and (h) recording the outcome of the request for accommodation, including a detailed explanation of the reasons for denying or granting the request. The protocol shall further contain a statement reflecting Defendant's commitment to considering reasonable accommodations for each employee's known disabilities. Defendant shall report compliance to EEOC within ten (10) days of the creation and distribution of this protocol.

5. Within forty-five (45) days of the entry of this Consent Decree by the Court, Defendant shall create and distribute a protocol for effectively reporting discrimination and harassment. The protocol shall provide clear instructions for taking and documenting the following steps: (a) recording all complaints of discrimination and/or harassment in a central file that will not be destroyed or removed if and when an employee's employment ends with Defendant; (b) conducting an investigation appropriately tailored to said complaints; (c)

determining the appropriate method of gathering all information necessary to evaluate said complaints; (d) recording all information gathered in order to evaluate the request for accommodation; (e) recording all individuals involved in evaluating the request for accommodation and the nature of their involvement; (f) recording and preserving all substantive communications regarding said complaints; and (g) recording the outcome investigations or decisions related to said complaints, including a detailed explanation of the reasons for taking any associated employment action. The protocol shall further contain a statement requiring managers and supervisors to share these complaints within three calendar days of receiving them with the owner or designated human resources representative. If the complaint involves one of those individuals listed in the preceding sentence, the complaint should not be shared with that individual. Defendant shall report compliance to EEOC within ten (10) days of the creation and distribution of this protocol.

6. Within forty-five (45) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a written anti-discrimination and retaliation policy. The policy shall include, at a minimum, a detailed explanation of: (a) the prohibition of discrimination on the basis of age and disability in all terms, conditions, and privileges of employment; (b) an employee's right to a reasonable accommodation for their disabilities; (c) an employee's right to be free from retaliation for requesting a reasonable accommodation, making a complaint of discrimination, opposing practices they consider to be discriminatory, participating in protected activity, or providing information related to complaints of discrimination; and (d) an explanation of the protocols described in the paragraphs above. Defendant shall distribute to each current employee a copy of this policy within the aforementioned 45-day time period. Within forty-five days of the entry of this decree, Defendant shall report compliance to EEOC within ten

(10) days of the creation and distribution of this policy. During the term of this Consent Decree, Defendant shall distribute this policy to all new employees and review it with them at the time of hire.

7.   Within ten (10) days of the effective date of this Consent Decree, Defendant shall electronically distribute the Notice appended hereto as Exhibit A to all employees, including any new employees hired during the duration of this agreement. Within the same ten-day period, Defendant shall also post a paper copy of the Notice in a place where it is visible to all employees at all of Defendant's locations. The Notice shall remain posted for the duration of this Consent Decree. Within ten (10) days of distribution and/or posting, whichever is later, Defendant shall notify EEOC that the Notice has been electronically distributed and posted pursuant to this provision.

8.   Within ninety (90) days of the effective date of this Consent Decree, and for each year that this Consent Decree is in effect, Defendant shall provide thirty (30) minutes of annual mandatory training for all employees. Each training program shall include an explanation of the requirements of the ADEA and ADA, the respective prohibitions against discrimination based on age and disability, the statutory obligation to make reasonable accommodations for the disabilities, and prohibition against retaliation in the workplace. Each training program shall also include an explanation of the policies and protocols defined in the paragraphs above. Within ten (10) days after completion of each training program, Defendant shall certify to EEOC that the specific training which was undertaken and shall provide EEOC with a roster of all individuals in attendance.

9.   Within ninety (90) days of the effective date of this Consent Decree, Defendant's owner Billy "Pete" Vaughan shall take part in at least four (4) hours of third-party training on

employment discrimination including but not limited to topics of age and disability discrimination. For the remainder of the Consent Decree term after this initial training, Mr. Vaughn shall take part in at least ninety (90) minutes of third-party training on employment discrimination annually. Within ten (10) days after completion of Mr. Vaughan's training, Defendant shall certify to EEOC that the specific training was undertaken by providing the date(s) of training, length(s) of training, the subject of training, and the name and qualifications of the training individual or entity.

10. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall segregate from its employment records any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 450-2021-03820 and the related events that occurred thereafter, including this litigation. These segregated documents shall be placed in a separate folder, whether virtual or physical, that can either be stored on site or with Defendant's counsel. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to EEOC.

11. Defendant shall provide Ms. Hudson with a positive letter of reference using the form attached hereto as Exhibit B. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Ms. Hudson at an address provided by EEOC. Ms. Hudson is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Ms. Hudson from a potential employer, it will provide only the information set forth in the letter of reference in response.

12. The effective date and entry date of this Consent Decree shall be the date when it is signed and filed by the Court.

13. The duration of this Consent Decree shall be three (3) years from its effective date. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may

enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree. Any non-compliance with this Consent Decree by Defendant shall toll the running of this three-year period as of the date of non-compliance.

14.  All reports or other documents sent to EEOC by Defendant pursuant to this Consent Decree shall be sent electronically by email to Trial Attorney Brooke López at brooke.lopez@eeoc.gov. Any communication from EEOC to Defendant pursuant to or regarding this Consent Decree shall be sent electronically by email to Defendant's designated point of contact to Beth Bones at bbones@mhba.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify EEOC and provide the name, job title, and electronic mail address for a new designated point of contact within ten days of the change.

15.  On an annual basis beginning ninety (90) days after the effective date of this Decree, Defendant shall provide EEOC with reports that contain the identities of all employees who were subject to a change of employment status and who also either have a disability *and/or* who are age 40 or older, including by way of identification each person's name, address, telephone number, and position. For each individual identified, explain the change in the individual's employment status (for example, including but not limited to, termination, retirement, refusal to place at a specific location, demotion, promotion, or to part-time from full-time) and provide a detailed statement explaining why the individual's employment status has changed. In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

16. EEOC may review compliance with this Consent Decree. As part of such review, and upon providing reasonable notice which shall mean no less than two-weeks' notice, EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents if EEOC determines it has a reasonable, good faith basis that Defendant is not complying with the terms of this Consent Decree.

17. Should EEOC believe Defendant is in violation of this Consent Decree during the term of this Agreement, EEOC shall give notice of the alleged violation to Defendant. Defendant shall have fifteen days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of thirty days, or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before EEOC exercises any remedy provided by law.

18. Neither EEOC nor Defendant shall contest the validity of this Consent Decree, the jurisdiction of the federal district court to enforce this Consent Decree and its terms, or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either party. Nothing in this Consent Decree shall be construed to preclude EEOC from enforcing this Consent Decree in the event that Defendant fails to perform the promises and representations contained herein. EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court for the Northern District of Texas, Amarillo Division and will reserve the right to seek costs related to any efforts to secure such compliance. However, nothing in this agreement shall create or confer jurisdiction where not otherwise provided for by law or by statute, and nothing in this agreement shall expand the EEOC's jurisdiction or oversight over Defendant or expand Defendant's employees' rights, remedies or protections beyond what is provided for by law or statute.

19. Each party shall bear its own costs, including attorneys' fees incurred in this action.

**SO ORDERED**.

February 14, 2024.

---

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

AGREED UPON on December 15, 2023.

*Attorneys for Plaintiff*

ROBERT A CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Assistant Regional Attorney
Texas State Bar No. 14009470

BROOKE E. LÓPEZ
Trial Attorney
Texas State Bar No. 24125141

BRIAN HAWTHORNE
Trial Attorney
Texas State Bar No. 24116494

Equal Employment Opportunity
Commission
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3597

*Attorney for Defendant*

ELIZABETH CHERMEL
Trial Attorney
Texas State Bar No. 24074026

Mullin, Hoard & Brown, LLP
Dallas Office
2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
(TEL) 214-754-0040

**Exhibit B to Consent Decree**
*Pete's Car Smart, Inc.*, No. 2:23-CV-092-Z-BR

## NOTICE

**This Notice is posted under a Consent Decree and must remain posted until December 31, 2026.**

Federal law prohibits discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over) or disability, with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment.

Americans with Disabilities Act of 1990, as amended, ("ADA") prohibits employees and applicants from being discriminated against in the workplace because of their disability. An individual with a disability is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment; or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. Further, under the ADA an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability absent an undue hardship.

Age Discrimination Employment Act of 1967 ("ADEA") prohibits employees from being discriminated against in the workplace because of their age. Age discrimination occurs when an employment decision is made based on a person's age rather than on legitimate factors. For example, age discrimination occurs when an employer rejects an applicant who is older than forty years of age and instead hires someone substantially younger or under the age of forty where the employer's decision is based solely on the age of the applicants. Thus, if an employer refuses to hire an applicant or refuses to promote an employee over the age of forty because of their age and, in their place, hires or promotes a person under the age of forty or otherwise substantially younger, then that employer violates the ADEA.

Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by EEOC.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination and retaliation in the workplace. If you believe you have been discriminated or retaliated against for any reason, you may contact EEOC at 207 S. Houston St., 3rd Floor, Dallas, TX, 75202, or call them (972) 918-3580. EEOC enforces federal laws against discrimination in employment. More information about EEOC can be found at www.eeoc.gov.

_____                                             _____

Date                                                                              Signature of Defendant Representative

**Exhibit B to Consent Decree**
*Pete's Car Smart, Inc.*, No. 2:23-CV-092-Z-BR

[Pete's Car Smart Inc.'s letterhead]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of Linda Hudson. Ms. Hudson was employed by our company from October 2003 through March 2021. Ms. Hudson's last-held position was Chief Financial Officer/Controller/Office Manager. Ms. Hudson was a valued and reliable employee who performed her job well.

We hope that this information about Ms. Hudson is helpful to you in considering her for employment.

Sincerely,


[Signature of Defendant]